### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DONNA L. MAHER,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **BAYHEALTH MEDICAL CENTER, INC.,** | **COMPLAINT** |
| Defendant. | |

1.  Plaintiff Donna L. Maher ("Maher" or "Plaintiff") is a resident of the State of Delaware residing at 3438 Fox Hunters Road, Harrington, Delaware 19952.

2.  Defendant Bayhealth Medical Center ("" or "Defendant") is a Delaware corporation whose registered agent for service of process is Bayhealth Medical Center, 640 South State Street, Dover, Delaware 19901.

3.  Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII").

4.  Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

5.  Venue for all causes of action stated herein lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b), as the acts alleged as the basis for these claims took place within the boundaries of that District.

6.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, to redress the wrongs done to her by Defendant's discrimination against her on the basis of her religion.

7.    Plaintiff timely submitted a complaint of discrimination based on her religion to the Equal Employment Opportunity Commission ("EEOC").

8.    Plaintiff has received a Notice of Right to Sue for the above referenced charge from the EEOC.

9.    Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

10.    Plaintiff was hired by Defendant as a Registered Nurse ("RN") in or about April 2005.

11.    Plaintiff held the position of RN at the time of her discharge.

12.    At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

13.    Plaintiff holds a sincere religious belief that prevents her from being inoculated with the COVID-19 vaccine.

14.    On August 12, 2021, Governor John Carney ordered that all Delaware state health care employees, which included Defendant's employees, to either become vaccinated or submit to regular testing for the COVID-19 virus by September 30, 2021.

15.    On November 5, 2021, the Centers for Medicare and Medicaid Services ("CMS") issued a COVID-19 vaccine mandate.

16.    The CMS vaccine mandate required that health care facilities ensure their covered staff were vaccinated against COVID-19, but also required that such facilities offer medical and religious exemptions.

17.    Pursuant to the CMS mandate, a facility was considered 100% compliant when all of its staff were either vaccinated or had a medical or religious waiver.

18.    On November 17, 2021, Plaintiff submitted a request for an exemption to the COVID-19 immunization based on her sincerely held religious beliefs.

19.    The request detailed the basis for Plaintiff's sincerely held religious belief.

20.    On December 14, 2021, Defendant informed Plaintiff via letter that her request for a religious exemption was denied.

21.    Plaintiff's employment with Defendant was terminated on February 28, 2022.

22.    Defendant had no process in place for appealing the denial of a religious exemption request.

23.    By failing to allow an appeal or otherwise engage in any type of substantive communication regarding Plaintiff's request for a religious exemption,

3

Defendant failed to engage in an interactive process to determine whether an exemption was warranted or whether a reasonable accommodation was available.

24. Plaintiff was subjected to differential treatment on the basis of her sincerely held religious beliefs by agents of the Defendant, including but not limited to retaliation and termination of her employment.

25. Defendant informed Plaintiff that her application for an exemption had been thoroughly reviewed before denying her request, but failed to provide a reason for the denial.

26. Defendant's denial of Plaintiff's request for a religious exemption failed to comply with federal law prohibiting discrimination and retaliation based on sincerely held religious beliefs.

27. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

28. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

## COUNT I - TITLE VII

29. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 28 hereinabove.

30. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 42 U.S.C. § 2000e *et seq.*

31. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 42 U.S.C. § 2000e *et seq.*

32. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d. punitive damages;

e. pre-judgment and post-judgment interest;

f. attorney's fees; and

g. any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: */s/ Gary E. Junge*
     William D. Fletcher, Jr., Esquire (#362)
     Gary E. Junge, Esquire (#6169)
     414 South State Street
     P.O. Box 497
     Dover, Delaware 19903-0497
     (302) 674-0140
     Attorneys for Plaintiff

Dated:  November 29, 2022